MEMORANDUM ORDER

J. MATTHEW MARTIN, Associate Judge.
In this pro se civil action, the Plaintiffs raise a number of issues and claims for relief.
[T]he Court is mindful that the [Plaintiffs are] proceeding pro se, and thus the Court recognizes that ‘[i]n the great run of pro se cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the ... court to insure that constitutional deprivations are redressed and that justice is done.’ Gordon v. Leeke, 5714 F.2d 1147 (4th Cir.1978); accord, Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir.1985) (Tro se lawsuits present district judges and magistrates with a special dilemma ... they represent the work of an untutored hand requiring special judicial solicitude.’).
EBCI v. Long, 3 Cher.Rep. 37 (2002).
The Court has reviewed the file and the supplemental materials filed by the Plaintiffs.
Of the issues raised, only one requires the attention of the Court at this time. The Plaintiffs allege that the Defendants have taken steps to conduct a referendum election on Thursday, April 12, 2012. The Plaintiffs allege that, in so doing, the Plaintiffs have violated C.C. § 161-9(c)(10) and thus the conduct of the election itself is in contravention of established law. The Plaintiffs allege that they have no adequate remedy at law. They seek an Order of this Court entering “a permanent injunction to cease and desist all operation and preparation for the April 12th, 2012 Referendum and that all the absentee votes remain closed.”
C.C. § 161-16(c) controls the outcome of this particular issue. It provides as follows:
A protest of irregularities in the conduct of an election must be submitted to the Board of Elections no later than five business days after the close of the polls and a hearing shall be set within five business days after the receipt of the written protest. The parties to the protest shall be allowed adequate time to prepare their case and be allowed to call witnesses and subpoena documents, not to exceed ten business days. It is imperative to proceed in a timely manner, therefore the normal rules of civil procedure are not applicable. However, the *195 Board of Elections shall give the parties every consideration and opportunity to provide a solid case and may extend any deadlines or hearing to assure that it has all the facts in order to make a valid final decision. All persons that the protest may affect shall be notified of the scheduled hearing by the Election Board.
C.C. § 161-16(d) provides the burden of proof: “Any person filing a protest for election irregularities under Subsection 161-16(c) must establish during a hearing in front of the Board of Elections that the alleged irregularities unfairly and improperly or illegally affected the actual outcome of the election.” In this matter, the Plaintiffs allege that the conduct of the election itself will result in an illegal outcome.
The Plaintiffs do not make any allegation that they have filed any protest of the irregularities they complain of with the Board of Elections. Rather, they have sued the Board of Elections.
An injunction is not, in and of itself, a cause of action, but rather is an equitable remedy which is ancillary to the pending civil action. Lynch v. Snepp, 350 F.Supp. 1134 (W.D.N.C.1972), rev’d on other grounds, 472 F.2d 769 (4th Cir.1973), cert. denied, 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974). Without deciding whether the Court even has the power to enjoin the conduct of a Tribal election, an injunction is nonetheless an extraordinary remedy and is not to be lightly granted. Huskins v. Yancey Hosp., 238 N.C. 357, 78 S.E.2d 116 (1953). Finally, and most importantly, assuming, without deciding, that the Plaintiffs could make the required showing for the issuance of an injunction, one should not be granted if there is an adequate legal remedy that is just as effective as the equitable relief sought. A.E.P. Indus, v. McClure, 308 N.C. 393, 416, 302 S.E.2d 754, 768 (1983) (Martin, J., dissenting).
In this case, even at this late date, the Court concludes as a matter of law that the Plaintiffs still have an adequate remedy at law. They may file a protest of irregularities in the conduct of the April 12, 2012 election with the Board of Elections. Indeed, the language of C.C. § 161-16(c) is mandatory. In light of this, the Court should not grant an injunction.
The Court notes that the Plaintiffs did not request a hearing on this issue and that it appears from the file that some of the Defendants have not yet been served with process in this case. The Court has dispensed with oral argument of this issue inasmuch as the result is clear from the Complaint and the relevant law and argument would not aid in the decisional process.
ACCORDINGLY, IT IS HEREBY ORDERED that the Plaintiffs’ request for a “permanent injunction to cease and desist all operation and preparation for the April 12th, 2012 Referendum and that all the absentee votes remain closed” is DENIED.
The Corrections Division of the Cherokee Indian Police Department is directed to serve a copy of this Notice personally on Peggy Hill-Kerbow, 568 Peavine Road, Cherokee, NC 28719, Jody Taylor, 96 Dave Taylor Road, Cherokee, NC 28719 and on the Attorney General of the Eastern Band of Cherokee Indians. The other Plaintiffs did not list a physical address and so the Clerk may serve all other parties by regular mail at the addresses listed in the Complaint and on the various Summonses.